IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE R. BOJORQUEZ, | * |
| Petitioner, | * |
| v. | *   Civ. No. DLB-25-3107 |
| NIKITA BAKER, *et al.*, | * |
| Respondents. | * |

## ORDER

On November 7, 2025, the Court denied petitioner Jose R. Bojorquez's motion for a temporary restraining order and limited preliminary injunction. ECF 20. Construing the motion as one for a preliminary injunction, the Court found that Bojorquez did not establish a likelihood of success on the merits of his claim that he is entitled to de novo review by an immigration judge of the asylum officer's reasonable fear determination under 8 C.F.R. § 1208.31(g) or the Fifth Amendment's Due Process Clause. *See* ECF 27 (Nov. 7 order); ECF 28 (Hr'g Tr.). Notwithstanding the denial of the preliminary injunction, because Bojorquez is subject to an order of removal, ECF 34, at 3, the Court entered an order restraining his removal from the United States for 30 days to ensure he had time to file a notice of appeal, ECF 27, at 1. Bojorquez filed a notice of appeal on November 21. Bojorquez did not request an expedited briefing schedule. Per the briefing schedule entered by the U.S. Court of Appeals for the Fourth Circuit, briefing on the appeal will conclude within 21 days of service of the response brief, which is due on February 11, 2026. ECF 34-1, at 1.

On December 5, 2025, Bojorquez filed an emergency motion requesting an extension of the November 7 order enjoining the respondents from removing him from the United States "through final disposition of his appeal in the United States Court of Appeals for the Fourth Circuit,

No. 25-6996." ECF 34, at 1–2. The respondents filed an opposition on December 8, ECF 37, and Bojorquez filed a reply on December 10, ECF 41.[1] For the following reasons, the emergency motion is granted in part.

Bojorquez seeks an extension of the Court's injunction restraining his removal from the United States until the Fourth Circuit's resolution of his appeal pursuant to Federal Rule of Civil Procedure 62(d), which provides:

> While an appeal is pending from an interlocutory order . . . that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

Although Bojorquez does not challenge his order of removal in this Court, he asks the Court to stay his removal while the appeal is pending. Because Bojorquez asks for an injunction staying his removal, the Court applies the "'traditional' standard for a stay": "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

---

[1] In his reply, Bojorquez slightly modifies his requested relief. He asks the Court to enjoin his removal from the United States "until the earlier of (a) the Fourth Circuit's ruling on Petitioner's appeal (or on any motion for stay pending appeal filed there) or (b) a date keyed to the Fourth Circuit's briefing schedule (e.g., 14 days after Petitioner's appellate reply brief), subject to extension for good cause." ECF 41, at 10–11.

lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[2] "The first two factors . . . are the most critical." *Id.*[3]

**Likelihood of Success on the Merits**

For the reasons stated on the record during the November 7 hearing, the Court finds that Bojorquez has not made a strong showing that he is likely to succeed on the merits of his claim that he is entitled to de novo review by an immigration judge ("IJ") of the asylum officer's reasonable fear determination under 8 C.F.R. § 1208.31(g) or the Fifth Amendment's Due Process Clause. The Court, however, recognizes that this is an unsettled and murky area of the law. Third-country removals were rare before 2025. *See, e.g.*, *Sagastizado v. Noem*, No. 5:25-CV-00104, 2025 WL 2957002, at *10 (S.D. Tex. Oct. 2, 2025) ("[T]hird country removals were relatively rare prior to the implementation of new policy objectives by the Executive Branch."). In recent months, district courts around the country have been flooded with habeas petitions from noncitizens subject to removal orders who seek relief from removal to a third country. The dearth of case law, statutes, and regulations on third-country removals has been a challenge for district courts reviewing these petitions. *See id.* (acknowledging that "neither the INA nor current federal regulations provide for any process for removal of a noncitizen to a third country after a grant of withholding of removal");

---

[2] The standard for a stay is similar to the standard for a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that, to obtain a preliminary injunction, the movant must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest").

[3] The government challenges the Court's jurisdiction over Bojorquez's claim. *See* ECF 37, at 8–11. The Court has considered these arguments and rejects them. For the reasons stated by other courts, this Court has jurisdiction over Bojorquez's claim. *See, e.g.*, *Ibarra-Perez v. United States*, 154 F.4th 989, 996–1000 (9th Cir. 2025); *Cruz Medina v. Noem*, No. 25-1768-ABA, 2025 WL 2841488, at *3 (D. Md. Oct. 7, 2025); *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886, at *6–8 (D. Md. Oct. 7, 2025).

*A.A.M v. Andrews*, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3485219, at *2 (E.D. Cal. Dec. 4, 2025) ("[T]here is no statute or regulation providing a specific procedure to effectuate such a third country removal."). And while this Court found the petitioner was unlikely to succeed on the merits of his claim, other judges in this district have reached the opposite conclusion. *See Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025) (granting petitioner's preliminary injunction on claim he was entitled to de novo review by an immigration judge of an asylum officer's reasonable fear determination under 8 C.F.R. § 1208.31(g)); *Cruz Medina v. Noem*, No. 25-1768-ABA, 2025 WL 2841488 (D. Md. Oct. 7, 2025) (granting petitioner's preliminary injunction on claim that he was entitled to de novo review by an immigration judge of an asylum officer's reasonable fear determination under the Fifth Amendment's Due Process Clause). The U.S. Court of Appeals for the Fourth Circuit may likewise reach the opposite conclusion. So while this Court did not find Bojorquez was likely to succeed on his claim, the legal question on appeal is neither simple nor straightforward. *See Confederated Tribes of Chehalis Rsrv. v. Mnuchin*, No. 20-CV-01002 (APM), 2020 WL 3791874, at *1 (D.D.C. July 7, 2020) (granting the plaintiff's request for a stay of judgment in favor of the defendant pending appeal because the statutory interpretation question at issue was not "easy" or "straightforward" and the question "deserve[d] an audience before a higher court while maintaining the status quo"). Under these circumstances, Bojorquez's failure to persuade this Court that he is likely to succeed on the merits of his claim does not doom his bid for a stay.

**Irreparable Injury**

The second factor, whether Bojorquez will be irreparably injured absent a stay of removal, cuts in favor of granting limited injunctive relief. In the context of a stay pending a petition for review of a removal order, the Supreme Court has held that "removal alone cannot constitute the

4

requisite irreparable injury" because removed individuals "who prevail can be afforded effective relief by facilitation of their return." *Nken*, 556 U.S. at 435. But, as one district court aptly noted, "[t]hat principle may be outdated because the Government has now taken the position in some cases that when an individual is removed from the United States, the Government has no ability to arrange for his return." *Santamaria Orellana*, 2025 WL 2841886, at *12 (citing *Abrego Garcia v. Noem*, 777 F. Supp. 3d 501, 512–13 (D. Md. 2025)); *see also Arguelles v. U.S. Att'y Gen.*, 661 F. App'x 694, 716 (11th Cir. 2016) (Martin, J., concurring) ("[R]emoval <u>does</u> constitute irreparable harm when facilitation of a removed petitioner's return will <u>not</u> be possible.").

Though the government does not intend to remove Bojorquez to Guatemala, his country of origin, the government served Bojorquez with a Notice of Intent to Remove to Mexico. ECF 10-7, at 1. In his amended habeas petition, Bojorquez claims that he "runs the risk of being indirectly removed to Guatemala via removal to a third country willing to accept him." ECF 19-1, ¶ 32. In other cases, the third country did just that. *See, e.g.*, *D.A. v. Noem*, No. 25-CV-3135 (TSC), 2025 WL 2646888, at *2–3 (D.D.C. Sept. 15, 2025) (stating that the third country, Ghana, deported noncitizens to their home countries although the noncitizens had been granted withholding of removal). In addition, Bojorquez claims he has a credible fear of persecution if he is removed to Mexico. Removal to a country where he may be persecuted "clearly and unequivocally supports a finding of irreparable harm." *See Abrego Garcia*, 777 F. Supp. 3d at 518 (quoting *J.G.G. v. Trump*, 772 F. Supp. 3d 18, 42 (D.D.C. 2025)); *Santamaria Orellana*, 2025 WL 2841886, at *12 (same). Thus, the Court finds that this factor cuts in favor of granting limited injunctive relief.

**Balance of the Equities and Public Interest**

The remaining factors—whether a stay will substantially injure the opposing party and where the public interest lies—are considered together when the government is the opposing party.

*See Nken*, 556 U.S. at 435. The government will not be substantially harmed by limited injunctive relief. The government's ability to enforce immigration laws is not thwarted by a modest extension of the Court's order restraining Bojorquez's removal for seven days. The public interest also is served by a limited injunction. The government is correct that "the public interest in enforcement of U.S. immigration laws is significant." ECF 27, at 14. But the public interest in determining whether U.S. immigration laws afford Bojorquez IJ review of the asylum officer's reasonable fear determination is also significant. Moreover, Bojorquez is detained, and affording due process to a detained individual is in the public interest. *See, e.g.*, *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 191 (4th Cir. 2013) (en banc) ("[U]pholding constitutional rights surely serves the public interest."). And, "[i]n cases implicating removal," there is also "'a public interest in preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm.'" *Nguyen v. Scott*, No. 25-cv-01398, 2025 WL 2419288, at *28 (W.D. Wash. Aug. 21, 2025) (quoting *Nken*, 556 U.S. at 436). To advance that public interest, the Court will maintain the status quo while Bojorquez seeks emergency relief from the Fourth Circuit. These final factors cut in favor of limited injunctive relief.

    For the foregoing reasons, it is hereby ORDERED that the emergency motion to extend the order restraining removal pending appeal, ECF 34, is GRANTED in part. The respondents are ENJOINED from removing Bojorquez from the United States for 7 days to give Bojorquez time to petition the Fourth Circuit under Federal Rule of Civil Procedure 62(g) and Federal Rule of Appellate Procedure 8(a) for an order restraining his removal pending appeal. This modest injunction satisfies the requirements of Rule 62(d).

Date: <u>December 10, 2025</u>

                                                               Deborah L. Boardman
                                                               United States District Judge